UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD CHILDS, | CASE NO. C14-932 MJP |
| Plaintiff, | ORDER ON REPORT AND RECOMMENDATION |
| v. | |
| CAROLYN COLVIN, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Objections (Dkt. No. 16) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge.  (Dkt. No. 15.)  Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation, AFFIRMS the Commissioner's decision, and DISMISSES the case.

**Background**

Plaintiff raises two objections to the Report and Recommendation: (1) the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony; and (2) the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of treating physician Jeff

Summe, D.O. (Dkt. No. 16 at 2.) These are the same issues raised before the Magistrate Judge and considered in the Report and Recommendation. (See Dkt. Nos. 12, 14, 15.)

## Discussion

### I. Legal Standard

Under Fed. R. Civ. P. 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

### II. Plaintiff's Objections

#### A. Plaintiff's credibility

Plaintiff argues that Magistrate Judge Theiler incorrectly found that the ALJ provided clear and convincing reasons for rejecting portions of Plaintiff's testimony. (Dkt. No. 16 at 2-8.)

The ALJ rejected some of Plaintiff's testimony regarding the intensity, persistence and limiting effects of his symptoms because (1) she found that it conflicted with medical evidence in the record, (2) she found that Plaintiff's activities of daily living were inconsistent with the symptom severity alleged, and (3) she found that Plaintiff was able to sustain work activity in the past with the same impairments now alleged. (Dkt. No. 9-2 at 20-21.)

Magistrate Judge Theiler found that the ALJ provided several specific, clear and convincing reasons for not fully crediting Plaintiff's testimony. (Dkt. No. 15 at 4-11.) Judge Theiler found that the medical evidence in the record was subject to more than one rational interpretation, including the ALJ's interpretation that the medical evidence was in conflict with Plaintiff's testimony. (Id.) For example, Judge Theiler found rational the ALJ's finding that Plaintiff's reports of severe back, neck and arm pain to one doctor conflicted with a thorough

examination by another doctor in the same month that revealed nothing more than limited movement in the right shoulder.  (Id. at 6.)  Judge Theiler also found rational the ALJ's finding that Plaintiff's testimony on the severity and impact of his blood condition conflicted with medical records that did not show significant ongoing symptoms once the blood condition was treated.  (Id. at 7.)  Examining the ALJ's activities of daily living assessment, Judge Theiler found rational the ALJ's conclusion that some of Plaintiff's activities, such as driving, attending social, medical, and substance abuse relapse prevention appointments, and doing light chores conflicted with Plaintiff's reports that severe pain substantially interfered with his activities.  (Id. at 9.)  Finally, Judge Theiler found rational the ALJ's finding that Plaintiff had been able to perform medium and heavy work as recently as 2010, despite the existence of two impairments as early as 2002, and that this conflicted with Plaintiff's testimony that his symptoms prevent him from performing any work.  (Id. at 9-11.)

The Court agrees with Judge Theiler that the ALJ provided several clear and convincing reasons for rejecting portions of Plaintiff's testimony.  While the evidence in the record is certainly subject to alternate interpretations, including the interpretation advanced by Plaintiff, the ALJ's interpretation is supported by substantial evidence.

    B.  Treating physician opinion

Plaintiff argues that Magistrate Judge Theiler incorrectly found that the ALJ's decision to reject portions of treating physician Dr. Summe's opinions was supported by substantial evidence.  (Dkt. No. 16 at 8-12.)

The ALJ rejected portions of Dr. Summe's opinions because (1) she found them to be based on Plaintiff's less than credible self-reporting, (2) she found them inconsistent with Plaintiff's daily activities, and (3) she found them inconsistent with the treatment notes and

opinions of other doctors.  (Dkt. No. 9-2 at 21-22.)  Magistrate Judge Theiler found that the ALJ's interpretation of the evidence was rational, and that the ALJ's decision to reject portions of Dr. Summe's opinion was based on substantial evidence.  (Dkt. No. 15 at 11-17.)

Plaintiff argues that Dr. Summe's opinions were based on his own observations in addition to Plaintiff's self-reporting, and therefore his opinion cannot be rejected based on Plaintiff's credibility.  (Dkt. No. 16 at 8-9.)  Plaintiff also argues that Dr. Summe's opinions did not conflict with those of other doctors or with Plaintiff's daily activities.  (Dkt. No. 16 at 10-12.)  In other words, Plaintiff argues for a different interpretation of the evidence.  But the Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  Id.

The Court agrees with Magistrate Judge Theiler that the ALJ's interpretation of the evidence was rational, and that the ALJ's decision not to fully credit Dr. Summe's opinions is supported by substantial evidence in the record.  While Plaintiff advances a persuasive alternative interpretation of the evidence, alternative interpretations do not demonstrate error in the decision below.

**Conclusion**

The Court ADOPTS the Report and Recommendation. The Commissioner's decision is AFFIRMED and the case DISMISSED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of May, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 5